| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL 818-905-5599 FAX 818-905-5660<br>hcohen00@aol.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* DLI PROPERTIES, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>    PEDRO MARTINEZ<br><br><br><br><br><br><br><br><br><br>                                        Debtor(s). | CASE NO.: 2:17-bk-20457-WB<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br><br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 10/10/2017<br>TIME: 10:00 am<br>COURTROOM: 1375 |
|---|---|

**Movant**: DLI Properties, LLC

1. **Hearing Location**:
   - ☒ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 1                              **F 4001-1.RFS.NONBK.MOTION**
Page 1

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 09/12/2017

HARRIS L. COHEN, A PROF. CORP.
Printed name of law firm (if applicable)

DLI PROPERTIES, LLC
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* DLI PROPERTIES, LLC V. WELLS FARGO ET AL.
   b. *Docket number:* BC635892 - APPEAL B280483
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      LOS ANGELES SUPERIOR COURT ON APPEAL
   d. Causes of action or claims for relief (Claims):
      QUIET TITLE AND DECLARATORY RELIEF

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on (*date*) __08/25/2017__ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

f. ☒ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☒ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (specify):
The claim affects title and ownership to real property after the automatic stay was annulled in one of debtor's two prior cases.

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (specify):

6. **Evidence in Support of Motion: (Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (specify):

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014            Page 4            F 4001-1.RFS.NONBK.MOTION
Page 4

4. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.   That any judgment as to the property subject to the motion shall be effective to allow title to transfer and the trustee/court to issue the Trustees' Deed Upon Sale

Date: _09/12/2017_

HARRIS L. COHEN, A PROF. CORP.
_____
Printed name of law firm (*if applicable*)

DLI PROPERTIES, LLC
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 5                        **F 4001-1.RFS.NONBK.MOTION**
Page 5

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Peter Baer _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☒ Other (specify): I am the president of the manager of the Movant, DLI Properites, LLC

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (specify):

4. The Nonbankruptcy Action is pending as:

   a. Name of Nonbankruptcy Action: DLI Properties, LLC v. Wells Fargo Bank et al.
   b. Docket number: BC635892 - Appeal B280483
   c. Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
      Los Angeles Superior Court - Court of Appeal

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
      On appeal by DLI. Claims for quiet title and declaratory relief as to the real property at 2809 Estara Ave., Los Angeles, CA 90065

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

   c. The Nonbankruptcy Action was filed on (date) 10/03/2016 .

   d. Trial or hearing began/is scheduled to begin on (date) _____.    on appeal

   e. The trial or hearing is estimated to require _____ days (specify).    on appeal

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                          F 4001-1.RFS.NONBK.MOTION
Page 6

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

5.  **Grounds for relief from stay:**

a.  ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.  ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.  ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.  ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1) ☐ It is currently set for trial on (*date*) _____.

    (2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

       The case is on appeal. The opening brief is due in 40 days.

    (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.  ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

       The case was filed just as the appeal was perfected so that briefing schedules were now set to proceed.

    (3) ☒ Multiple bankruptcy cases affecting the Property include:

       (A) Case name: In re Pedro Martinez
       Case number: 2:16-21137NB       Chapter: 13
       Date filed: 08/22/2016    Date discharged:       Date dismissed: 09/07/2016
       Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☒ was not  granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 7                **F 4001-1.RFS.NONBK.MOTION**

Page 7

(B) Case name: In Pedro Martinez
   Case number: 2:16-14648BB          Chapter: 7
   Date filed: 04/11/2016    Date discharged:          Date dismissed: 06/09/2016
   Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:
   Case number:                       Chapter:
   Date filed:          Date discharged:          Date dismissed:
   Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

☒ See attached continuation page for information about other bankruptcy cases affecting the
Nonbankruptcy Action.

☒ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

6.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached
supplemental declaration(s).

a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
forth in Exhibit _____

c.  ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


09/12/2017        PETER BAER
Date              Printed name                                          Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                        Page 8                    F 4001-1.RFS.NONBK.MOTION

Page 8

## DECLARATION OF PETER BAER

I, Peter Baer, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein and if called upon to testify thereto I could and would competently do so. I am the president of Strategic Acquisitions, Inc. ("SAI") the manager of DLI Properties, LLC.

1.     DLI purchased the property at 2809 Estara Ave., Los Angeles, CA 90065 APN 5457-023-010 at a foreclosure sale held on August 22, 2016, just 45 minutes after the Debtor filed his second bankruptcy within 4 months. A true and correct copy of the docket in the Debtor, Pedro Martinez's 4/11/16 bankruptcy case 2:16-bk-14648-BB is attached hereto as Exhibit "1." A true and correct copy of the docket in the Debtor, Pedro Martinez's 8/22/16 bankruptcy case 2:16-bk-21137-NB is attached hereto as Exhibit "2." A true and correct copy of the order annulling the stay in favor of DLI is attached hereto as Exhibit "3." A true and correct copy of DLI's state court complaint is attached hereto as Exhibit "4." A true and correct copy of the Court of Appeal notice that the record is complete is attached hereto as Exhibit "5."

2.     The Debtor defaulted on his loan and a notice of default and election to sell under deed of trust was recorded on November 12, 2015 with a delinquency of $65,341.01. A true and correct copy of the notice of default is attached hereto as Exhibit "6."

3.     Debtor then filed a chapter 7 case in pro per as case number 2:16-bk-14648-BB on April 11, 2016 and it was dismissed on June 9, 2016 for failure to appear at the 341(a) hearing.

4.      Debtor then filed a chapter 13 case in pro per 45 minutes before a foreclosure sale as case number 2:16-bk-21137-NB on August 22, 2016. DLI was the successful purchaser at the sale. A true and correct copy of the receipt DLI received at the foreclosure sale is attached hereto as Exhibit "7."

5.      The trustee would not issue the trustee's deed upon sale based on the automatic stay. DLI then filed a motion to annul the automatic stay based on the Debtor's bad faith filing. The Court granted that motion on September 28, 2016, and annulled the stay and found that the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors.

6.      The trustee of the foreclosure sale still refused to issue the TDUS and DLI filed a complaint in the Los Angeles Superior Court as case number BC635892 on October 3, 2016 to quiet title and for declaratory relief. DLI also recorded a lis pendens with the Los Angeles County Recorder on September 30, 2016 as instrument number 201611974247. A true and correct copy of the recorded lis pendens is attached hereto as Exhibit "8." A true and correct copy of the default entered against the Debtor is attached hereto as Exhibit "9." Despite the annulment of the stay, the State Court judge dismissed the case on demurrer. DLI timely filed a notice of appeal and the appeal is pending. The latest action in the appeal was on September 6, 2017 when the Court of Appeal sent notice that the record on appeal has been completed and Appellant's opening brief is due

within 40 days.

I declare under penalty of perjury under the laws of the State of California and the United State that the foregoing is true and correct.  Executed at Agoura Hills, CA on September 12, 2017.

Peter Baer

EXHIBIT "1"

DISMISSED, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
## Bankruptcy Petition #: 2:16-bk-14648-BB

|  |  |
|---|---|
| *Assigned to:* Sheri Bluebond | *Date filed:* 04/11/2016 |
| Chapter 7 | *Date terminated:* 06/16/2016 |
| Voluntary | *Debtor dismissed:* 06/09/2016 |
| No asset | *341 meeting:* 06/08/2016 |
|  | *Deadline for objecting to discharge:* 07/15/2016 |
|  | *Deadline for financial mgmt. course:* 07/15/2016 |

*Debtor disposition:* Dismissed for Other Reason

**Debtor**
**Pedro Martinez**                                          represented by **Pedro Martinez**
2809 Estara Ave                                                                    PRO SE
Los Angeles, CA 90065
LOS ANGELES-CA
323-945-2993
SSN / ITIN: xxx-xx-2942

**Trustee**
**Timothy Yoo (TR)**
Levene Neale Bender Yoo & Brill LLP
800 South Figueroa Street, Suite 1260
Los Angeles, CA 90017
(310) 229-3361

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 04/11/2016 | <u>1</u><br>(43 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $335 Filed by Pedro Martinez (Collins, Kim S.) (Entered: 04/11/2016) |
| 04/11/2016 | <u>2</u><br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 05/16/2016 at 08:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Objections for Discharge due by 07/15/2016. Cert. of Financial Management due by 07/15/2016 for Debtor and Joint Debtor (if joint case) (Collins, Kim S.) (Entered: 04/11/2016) |
| 04/11/2016 | <u>3</u> | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Pedro Martinez . (Collins, Kim S.) (Entered: 04/11/2016) |

| | | |
|---|---|---|
| 04/11/2016 | <u>4</u> | Certificate of Credit Counseling Filed by Debtor Pedro Martinez . (Collins, Kim S.) (Entered: 04/11/2016) |
| 04/11/2016 | <u>5</u><br>(10 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Pedro Martinez . (Collins, Kim S.) (Entered: 04/11/2016) |
| 04/11/2016 | | Receipt of Chapter 7 Filing Fee - $335.00 by 01. Receipt Number 20206485. (admin) (Entered: 04/12/2016) |
| 04/13/2016 | <u>6</u><br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)<u>2</u> Meeting (AutoAssign Chapter 7)) No. of Notices: 3. Notice Date 04/13/2016. (Admin.) (Entered: 04/13/2016) |
| 04/27/2016 | <u>7</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Treder, Edward. (Treder, Edward) (Entered: 04/27/2016) |
| 05/17/2016 | 8 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 06/08/16 at 11:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Debtor absent. (Yoo (TR), Timothy) (Entered: 05/17/2016) |
| 06/09/2016 | <u>9</u><br>(2 pgs) | Trustee's Request to Dismiss Debtor(s) for Failure to Appear at 341(a) Meeting of Creditors (Chapter 7) - Dismiss **Debtor** Filed by Trustee Timothy Yoo (TR). (Yoo (TR), Timothy) (Entered: 06/09/2016) |
| 06/09/2016 | <u>10</u><br>(1 pg) | ORDER and notice of dismissal for failure to appear at 341(a) meeting - **Debtor** Dismissed. (BNC) Signed on 6/9/2016 (RE: related document(s)<u>2</u> Meeting (AutoAssign Chapter 7)). (Ventura, Olivia) (Entered: 06/09/2016) |
| 06/09/2016 | | Chapter 7 Trustee's Report of No Distribution: I, Timothy Yoo (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Timothy Yoo (TR). (Yoo (TR), Timothy) (Entered: 06/09/2016) |
| 06/11/2016 | <u>11</u><br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)<u>10</u> ORDER and notice of dismissal for failure to appear at 341(a) meeting (Option A or Option B) (BNC)) No. of Notices: 3. Notice Date 06/11/2016. (Admin.) (Entered: 06/11/2016) |

| | | | |
|---|---|---|---|
| 06/16/2016 | | 12 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (Beauchamp (Cheek), Sonia) (Entered: 06/16/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/25/2016 09:44:33 | | | |
| **PACER Login:** | sa0471:2629392:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:16-bk-14648-BB Fil or Ent: filed From: 5/27/2015 To: 8/25/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

EXHIBIT "2"

**RepeatPACER, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Los Angeles)
### Bankruptcy Petition #: 2:16-bk-21137-NB

*Date filed:* 08/22/2016
*Date terminated:* 10/12/2016
*Debtor dismissed:* 09/07/2016
*341 meeting:* 09/30/2016

*Assigned to:* Neil W. Bason
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for Failure to File Information

**Debtor**
**Pedro Martinez**
2809 Estara Av
Los Angeles, CA 90065
LOS ANGELES-CA
818-844-6673
SSN / ITIN: xxx-xx-2942

represented by **Pedro Martinez**
PRO SE

**Trustee**
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 08/22/2016 | 1 (11 pgs; 3 docs) | Chapter 13 Voluntary Petition Individual - Fee Amount: $310.00; filed by Pedro Martinez - Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 9/6/2016. Schedule A/B: Property (Form 106A/B or 206A/B) due 9/6/2016. Schedule C: The Property You Claim as Exempt (Form 106C) due 9/6/2016. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 9/6/2016. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 9/6/2016. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 9/6/2016. Schedule H: Your Codebtors (Form 106H or 206H) due 9/6/2016. Schedule I: Your Income (Form 106I) due 9/6/2016. Schedule J: Your Expenses (Form 106J) due 9/6/2016. Declaration About an Individual Debtors Schedules |

Page 17

| | | |
|---|---|---|
| | | (Form 106Dec) due 9/6/2016. Statement of Financial Affairs (Form 107 or 207) due 9/6/2016. Chapter 13 Plan (LBR F3015-1) due by 9/6/2016. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 9/6/2016. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 9/6/2016. Cert. of Credit Counseling due by 9/6/2016. Statement of Related Cases (LBR Form F1015-2) due 9/6/2016. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 9/6/2016. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 9/6/2016. Incomplete Filings due by 9/6/2016. (Milano, Sonny) (Entered: 08/22/2016) |
| 08/22/2016 | 2 | Statement About Your Social Security Number (Official Form 121); filed by Debtor Pedro Martinez . (Milano, Sonny) (Entered: 08/22/2016) |
| 08/22/2016 | 3 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 09/30/2016 at 09:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 11/10/2016 at 09:30 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 12/29/2016. (Milano, Sonny) (Entered: 08/22/2016) |
| 08/22/2016 | | Receipt of Chapter 13 Filing Fee - $310.00 by 71. Receipt Number 20210643. (admin) (Entered: 08/23/2016) |
| 08/23/2016 | | Notice of Debtor's Prior Filings for debtor Pedro Martinez Case Number 16-14648, Chapter 7 filed in California Central Bankruptcy on 04/11/2016 , Dismissed for Other Reason on 06/09/2016.(Admin) (Entered: 08/23/2016) |
| 08/24/2016 | 4 (4 pgs) | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 4. Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/24/2016 | 5 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Pedro Martinez) No. of Notices: 1. Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/24/2016 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Pedro Martinez) No. of Notices: 1. Notice Date 08/24/2016. (Admin.) (Entered: 08/24/2016) |
| 08/27/2016 | 7 (61 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2809 ESTARA AVE., LOS ANGELES, CA 90065 *and proof of* |

| | | |
|---|---|---|
| | | *service.* Fee Amount $176, Filed by Creditor DLI Properties, LLC (Cohen, Harris) (Entered: 08/27/2016) |
| 08/29/2016 | | Receipt of Motion for Relief from Stay - Real Property(2:16-bk-21137-NB) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 43187305. Fee amount 176.00. (re: Doc# 7) (U.S. Treasury) (Entered: 08/29/2016) |
| 08/29/2016 | 8 | Hearing Set (RE: related document(s)7 Motion for Relief from Stay - Real Property filed by Creditor DLI Properties, LLC The Hearing date is set for 9/27/2016 at 10:00 AM at Crtrm 1545, 255 E Temple St., Los Angeles, CA 90012. The case judge is Neil W. Bason (Sumlin, Sharon E.) (Entered: 08/29/2016) |
| 09/07/2016 | 9 (1 pg) | ORDER and notice of dismissal for failure to file schedules, statements, and/or plan - **Debtor** Dismissed. (BNC) Signed on 9/7/2016 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Pedro Martinez, 3 Meeting (AutoAssign Chapter 13)). (Vandensteen, Nancy) (Entered: 09/07/2016) |
| 09/07/2016 | 10 (3 pgs) | Notice *of Intent By Movant, Dli Properties, Llc To Proceed With Its Motion For Relief/Annulment Of The Automatic Stay Despite Dismissal Of Case Re 2809 Estara Ave., Los Angeles, Ca 90065 and proof of service* Filed by Creditor DLI Properties, LLC (RE: related document(s)7 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2809 ESTARA AVE., LOS ANGELES, CA 90065 *and proof of service.* Fee Amount $176, Filed by Creditor DLI Properties, LLC). (Cohen, Harris) (Entered: 09/07/2016) |
| 09/09/2016 | 11 (2 pgs) | BNC Certificate of Notice (RE: related document(s)9 ORDER and notice of dismissal for failure to file schedules, statements, and/or plan (Option A or Option B) (BNC)) No. of Notices: 3. Notice Date 09/09/2016. (Admin.) (Entered: 09/09/2016) |
| 09/14/2016 | 12 (3 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 09/14/2016) |
| 09/14/2016 | 13 (1 pg) | Proof of service Filed by (RE: related document(s)12 Chapter 13 Trustee's Final Report and Account (batch)). (Dockery (TR), Kathy) (Entered: 09/14/2016) |
| 09/15/2016 | 14 (1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 9/15/2016. (Toliver, Wanda) (Entered: 09/15/2016) |
| 09/27/2016 | 15 (9 pgs) | Notice of lodgment *of order in bankruptcy case re: order granting motion for relief from the automatic stay under 11 u.s.c. § 362 (real property) and proof of service* Filed by |

| | | |
|---|---|---|
| | | Creditor DLI Properties, LLC (RE: related document(s)7 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 2809 ESTARA AVE., LOS ANGELES, CA 90065 *and proof of service*. Fee Amount $176, Filed by Creditor DLI Properties, LLC). (Cohen, Harris) (Entered: 09/27/2016) |
| 09/28/2016 | 16 (6 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 7 ) Signed on 9/28/2016 (Francis, Dawnette) (Entered: 09/28/2016) |
| 09/30/2016 | 17 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 09/30/2016. (Admin.) (Entered: 09/30/2016) |
| 10/12/2016 | 18 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (RE: related document(s)7 Motion for Relief from Stay - Real Property filed by Creditor DLI Properties, LLC) (Vandensteen, Nancy) (Entered: 10/12/2016) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/12/2017 09:20:55 | | |
| **PACER Login:** | Hcohen119600:2559545:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:16-bk-21137-NB Fil or Ent: filed From: 6/14/2014 To: 9/12/2017 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT "3"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. BAR #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL (818) 905-5599<br>FAX (818) 905-5660<br>EMAIL – hcohen00@aol.com | **FILED & ENTERED**<br><br>**SEP 28 2016**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY francis    DEPUTY CLERK |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br><br>**PEDRO MARTINEZ**<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-21137-NB<br><br>CHAPTER:  13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 9/27/2016<br>TIME:  10:00 a.m.<br>COURTROOM:  1545<br>PLACE: 255 E. Temple St., Los Angeles, CA |

**Movant:**  DLI PROPERTIES, LLC

1. The Motion was:  ☐ Opposed  ☒ Unopposed  ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:    2809 ESTARA AVE.
   *Unit/suite number*:
   *City, state, zip code*:   LOS ANGELES, CA 90065
   Legal description or document recording number (including county of recording):  APN 5457-023-010

   Lot 9 in Block 2 of Torthorwald Tract No. 1, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page(s) 8 of Maps, in the office of the County Recorder of said County.
   Also that part of Lot 57 of the Hunter Highland View Tract, as per map recorded in Book 4 Page 570 of Miscellaneous Records of said County, lying between the Southeasterly line of said Lot 9 and the Northwesterly line of said Lot 9,

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

extended Northeasterly to an alley as shown on the map of Washington Park, recorded in Book 11 Page 74 of Maps, records of said County

The Motion is granted under:

    a. ☒ 11 U.S.C. § 362(d)(1)

    b. ☐ 11 U.S.C. § 362(d)(2)

    c. ☐ 11 U.S.C. § 362(d)(3)

    d. ☒ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

        (1) ☐ The transfer of all or part ownership of, or other interest in, the Property to the Debtor for the purpose of interfering with a foreclosure sale; and/or

        (2) ☐ Multiple bankruptcy cases affecting the Property.

        (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

        (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☒ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☒ Movant may enforce its remedies by completing the foreclosure sale of the Property and obtaining possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. [language modified pursuant to motion]

5. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 2                                         F 4001-1.RFS.RP.ORDER
Page 23

modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☒ Other (*specify*):  A copy of the Court's tentative ruling is attached as Exhibit "1" and incorporated as the Court's final ruling.

###

Date: September 28, 2016

_Neil W. Bason_
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                                    F 4001-1.RFS.RP.ORDER
Page 24

# EXHIBIT "1"

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

---

**Tuesday, September 27, 2016**                                    **Hearing Room    1545**

---

<u>10:00 AM</u>
**2:16-21137    Pedro Martinez**                                                    **Chapter 13**

    **#25.00    *[CASE DISMISSED ON 9/7/16]***

       Hrg re: Motion for relief from stay [RP]

       DLI PROPERTIES, LLC
       vs
       DEBTOR

                Docket        7

**Tentative Ruling:**

    Grant as provided below. <u>Appearances are not required.</u>

    *Proposed order:* Movant is directed to serve and lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)(1)(B).

    (1) <u>There is no stay, due to dismissal</u>. *See* 11 USC 349(b)(3) & 362(c). Termination of the stay is also addressed below because in rare instances dismissals are vacated.

    (2) <u>Termination</u>. Terminate the automatic stay under 11 U.S.C. 362(d)(1). Any co-debtor stay (11 U.S.C. 1301(c)) is also terminated, because it has not been shown to have any basis to exist independent of the stay under 11 U.S.C. 362(a). To the extent, if any, that the motion seeks to terminate the automatic stay in *other* past or pending bankruptcy cases, such relief is denied on the present record. *See In re Ervin* (Case No. 14-bk-18204-NB, docket no. 311).

    (3) <u>Retroactive relief</u>. Grant the request for retroactive annulment of the stay.

    (4) <u>Relief applicable to *future* bankruptcy cases ("in rem" relief)</u>.
        If this order is duly recorded in compliance with any applicable State laws governing notices of interests or liens in the property at issue, then no

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

---

**Tuesday, September 27, 2016**                                   **Hearing Room    1545**

---

<u>10:00 AM</u>
**CONT...        Pedro Martinez**                                                      **Chapter 13**

automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case. For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed.

Such relief is granted on the following alternative grounds: (a) under 11 U.S.C. 362(d)(4) if the movant is either (i) the holder of a deed of trust/mortgage secured by real property that is the subject of the motion, (ii) the purchaser of such property at a foreclosure sale, or (iii) a successor in interest who stands in the shoes of such persons; (b) under the court's authority to grant appropriate relief under 11 U.S.C. 105(a) and 362(d) (regardless whether the movant is a "creditor" or whether real property or personal property is at issue); and (c) under the court's inherent authority combined with 11 U.S.C. 362(d) (same). *See generally In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31) (distinguishing *In re Ellis*, 523 B.R. 673 (9th Cir. BAP 2014), and explaining alternative grounds for "in rem" relief).

(5) <u>Effective date of relief</u>. Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".

| Party Information |
|---|

**<u>Debtor(s):</u>**

Pedro  Martinez                          Pro Se

**<u>Movant(s):</u>**

DLI Properties, LLC                      Represented By
                                          Harris L Cohen

**<u>Trustee(s):</u>**

Kathy A Dockery (TR)                     Pro Se

# EXHIBIT "4"

1   HARRIS L. COHEN, ESQ., State Bar # 119600
    HARRIS L. COHEN, A PROF. CORP.
2   5305 Andasol Ave.
    Encino, CA 91316
3   tel (818) 905-5599 / fax (818) 905-5660

4
5   ELKANAH J. BURNS, ESQ. #151676
    LAW OFFICES OF ELKANAH J. BURNS
6   847 N. Hollywood Way, Ste. 201
    Burbank, CA 91505
7   Tel (818) 840-8889 / Fax (818) 840-2708

8   Attorneys for Plaintiff
9       DLI PROPERTIES, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 0 3 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13  DLI PROPERTIES, LLC,                      )   CASE NO. **BC 6 3 5 8 9 2**
                                             )
14          Plaintiff,                        )   VERIFIED COMPLAINT FOR:
    v.                                        )   1) QUIET TITLE; AND
15                                            )   2) DECLARATORY RELIEF.
                                             )
16  WELLS FARGO BANK, N.A., BARRETT           )
    DAFFIN FRAPPIER TREDER & WEISS, LLP,      )
17  Pedro Martinez, Norma Perez and all persons )
    unknown, claiming any legal or equitable right, )
18  title, or interest in the property  described in the )
    complaint  adverse to plaintiff's title, or any )
19  cloud on plaintiff's title to that property and )
    DOES 1 through 50, inclusive,             )
20                                            )
21          DEFENDANTS.                        )
                                             )
22  _____       )

23

24      Plaintiff, DLI PROPERTIES, LLC, Inc. alleges:

25      1.      At all times herein mentioned DLI PROPERTIES, LLC ("Plaintiff"), was and is a

26  California limited liability company.

27

28

                                    1

File By Fax VERIFIED COMPLAINT

2.      Plaintiff is informed and believes and based on such information and belief alleges that at all relevant times defendants Pedro Maritnez and Norma Perez (the "Prior Owners") were the owners and resided at the real property located at 2809 Estara Ave., Los Angeles, CA 90065 - APN 5457-023-010 (the "Property"). Plaintiff is informed and believes that Wells Fargo Bank, N.A. ("WFB") was a banking corporation and lender whose secured loan on the Property was foreclosed upon by Barrett Dafffin Frappier Treder & Weiss, LLP, a limited liability partnership, as trustee (the "Trustee") for WFB when Plaintiff purchased the Property at a foreclosure sale on August 22, 2016. Plaintiff is informed and believes that WFB held a deed of trust on the Property when it was foreclosed upon. Plaintiff claims it is the rightful owner of the Property which is denied by the defendants.

3.      Plaintiff does not know the true names of defendants All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Stake, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title to that Property, and Does 1 through 50, inclusive. Therefore, Plaintiff sues these defendants by those fictitious names. Plaintiff is informed and believes and on that basis alleges that each of the Doe defendants claims, or may claim, some interest in the subject real property. The names, capacities and relationships of Does 1 through 50 will be alleged by amendment to this complaint when those names are known.

4.      The obligation sued upon herein and the property subject to the cause of action is located at 2809 Estara Ave., Los Angeles, CA 90065 - APN 5457-023-010 and the legal description is Lot 9 in Block 2 of Torthorwald Tract No. 1, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page(s) 8 of Maps, in the office of the County Recorder of said County.

2

File By Fax  VERIFIED COMPLAINT

2

Also that part of Lot 57 of the Hunter Highland View Tract, as per map recorded in Book 4 Page 570 of Miscellaneous Records of said County, lying between the Southeasterly line of said Lot 9 and the Northwesterly line of said Lot 9, extended Northeasterly to an alley as shown on the map of Washington Park, recorded in Book 11 Page 74 of Maps, records of said County

5. Said obligation is commercial in nature, not based on a retail installment contract or a conditional sales contract, and not subject to the provisions of Civil Code sections 1812.10 and 2984.

6. The true names or capacities whether individual, corporate, or associate or otherwise, of defendants named in this action as Does 1 through 20 are unknown to Plaintiff, who, therefore sues such defendants by such fictitious names; plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

7. Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned each of the defendants was the agent, servant and employee of each of the remaining defendants and at all times were acting within the purpose and scope of said agency and employment.

8. Plaintiff is informed and believes and alleges that the Prior Owners defaulted on their loan secured by a first deed of trust to WFB, the beneficiary under the deed of trust secured by a lien against the Property,

9. Plaintiff is informed and believes and alleges that a) WFB owned the note secured by a deed of trust for $480,000 made by Prior Owners in 2008, b) the Prior Owners defaulted on the obligation, c) WFB through the Trustee on the deed of trust recorded a notice of default and election to sell under deed of trust on November 12, 2015, d) the Prior Owners did not cure the

3

File By Fax VERIFIED COMPLAINT

3

obligation, e) WFB through the Trustee recorded a Notice of Trustee's Sale on March 15, 2016,

f) a trustee's foreclosure sale was held on August 22, 2016.

10.     At the foreclosure sale Plaintiff purchased the Property for valuable consideration

of $521,000 as the high bidder.  This was a fair and reasonable purchase price for the Property.

The Plaintiff tendered cashier's checks sufficient to pay the purchase price in full at the

foreclosure sale.

11.     Trustee provided a receipt to Plaintiff's purchasing agent at the foreclosure sale

for the purchase price.  Thereafter Trustee and WFB refused to issue a Trustee's Deed Upon Sale

("TDUS") to Plaintiff.

12.     Thereafter it was discovered that Pedro Martinez had filed a bankruptcy case

about an hour prior to the foreclosure sale.  Plaintiff filed a motion in that case and the Court

ordered that the the automatic stay was retroactively annulled as of the petition filing date, which

legally made the bankrpucy a nullity.  The Bankruptcy Court Order, a copy of which is attached

hereto as Exhibit "1" expressly provides, among other things, that "Movant [DLI] may enforce

its remedies by completing the foreclosure sale of the Property and obtaining possession...."

Despite this, Bank and Trustee are refusing to complete the foreclosure sale.

13.     Plaintiff retendered the funds for the sale and WFB and Trustee refused to accept

them and issue the TDUS.  Those funds are hereby reoffered and retendered again as Plantiff is

ready, willing and able to tender all the funds at this time as it has been the entire time since they

were first tendered at the foreclosure sale.

14.     Plaintiff is informed and believes and alleges that there was no irregularity with

the sale and the sale took place in the normal manner as commonly occurs with foreclosure sales,

with the exception of the unknown bankruptcy which was nullified as described above.

4

15. Plaintiff is informed and believes and alleges that the sale procedure was as scheduled and is usual and customary. The auctioneer called out the correct property address and other information.

16. Plaintiff is further informed and believes and alleges that prior to the foreclosure sale and through the date of the foreclosure sale there were no defects or irregularities with the statutory compliance, notice compliance or the sale process. Plaintiff is further informed and believes and alleges there was no defect in the statutory procedure that was prejudicial to the interest of the trustee, trustor and/or the beneficiary. Plaintiff is informed and believes and alleges that the foreclosure sale was a properly conducted sale, and free of defects in procedure.

## FIRST CAUSE OF ACTION

### (For Quiet Title against all Defendants and Does 1-25)

17. Plaintiff incorporates by reference as though set forth in full herein, each and every allegation alleged in paragraphs 1-16, inclusive.

18. Plaintiff is informed and believes and alleges that one or more defendants claim an interest adverse to Plaintiff's title in Property. These claims are without any right and defendants have no right, title, stake, lien, or interest in the Property. In particular, the purported deed of trust that was foreclosed upon has been paid in full by the purchase price paid by Plaintiff at the foreclosure sale and the retendering of those funds which defendants Bank and Trustee refuse to accept.

19. Plaintiff seeks a determination of its fee simple title in this action as of August 22, 2016, when it purchased the Property at the foreclosure sale.

File By Fax VERIFIED COMPLAINT

## SECOND CAUSE OF ACTION

(For Declaratory Relief against all Defendants and Does 1-25)

20.     Plaintiff incorporates by reference as though set forth in full herein, each and every allegation alleged in paragraphs 1 - 19 inclusive.

21.     By this action, Plaintiff seeks declaratory relief and an order and judgment by this Court that Plaintiff is the sole owner of the Property and that none of the Defendants has any right, title or interest in or to the Property as of August 22, 2016, subject to Trustee and Bank accepting the retender of the purchase price which has been offered before and is hereby offered again.

22.     An actual controversy has arisen and now exists between Plaintiff and defendants.

23.     Plaintiff desires a judicial determination of the actual ownership of the Property.

24.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff and defendants may ascertain their rights and duties and ownership of the Property as Plaintiff contends it owns the Property based on its winning bid at the regularly conducted foreclosure sale and the payment of the highest bid price at the foreclosure sale and defendants contend that they are not required to complete the foreclosure sale and that the Prior Owners are entitled to retain ownership of the Property.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     A judgment quieting Plaintiff's fee simple title to the Property, and determining that Defendants have no right, title, or interest in or to the Property, as of August 22, 2016;

2.     For a judgment determining the ownership of the Property and the interests or lack thereof of each party and that Plaintiff owns the Property free and clear of all liens and encumbrances as of August 22, 2016.

6

File By Fax    VERIFIED COMPLAINT                                6

3.  For a judicial determination of the rights and obligations of the parties as a result of the acts alleged herein.

4.  For pre-judgment interest;

5.  For costs of suit incurred:

6.  For such other and further relief as the court deems just and proper.

LAW OFFICES OF ELKANAH J. BURNS

By: _____
Elkanah J. Burns, Esq.
Attorneys for Plaintiff

1

## VERIFICATION

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I have read the foregoing, VERIFIED COMPLAINT FOR: 1) QUIET TITLE;
4    AND 2) DECLARATORY RELIEF, and know its contents.

5    [ ]      I am a party to this action.  The matters stated in it are true of my own knowledge
6             except as to those matters which are stated on information and belief, and as to
7             those matters I believe them to be true.

8    [x ]     I am an officer, president of the manager of DLI properties, LLC, a California
9             Limited Liability company, a party to this action, and am authorized to make this
             verification for and on its behalf, and I make this verification for that reason.  The
10            matters stated in it are true of my own knowledge except as to those matters which
             are stated on information and belief, and as to those matters I believe them to be
11            true.

12   I declare under penalty of perjury under the laws of the State of California that the foregoing
13   is true and correct.  Executed at Agoura Hills, CA.

14

15

16   Dated: September 29, 2016

17                                          Peter Baer

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

File By Fax

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. BAR #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL (818) 905-5599<br>FAX (818) 905-5660<br>EMAIL – hcohen00@aol.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**SEP 28 2016**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY francis   DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>**PEDRO MARTINEZ**<br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-21137-NB<br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: 9/27/2016<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>PLACE: 255 E. Temple St., Los Angeles, CA |

**Movant:** DLI PROPERTIES, LLC

1. The Motion was: ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   *Street address*:   2809 ESTARA AVE.
   *Unit/suite number*:
   *City, state, zip code*:   LOS ANGELES, CA 90065
   Legal description or document recording number (including county of recording):  APN 5457-023-010

Lot 9 in Block 2 of Torthorwald Tract No. 1, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page(s) 8 of Maps, in the office of the County Recorder of said County.
Also that part of Lot 57 of the Hunter Highland View Tract, as per map recorded in Book 4 Page 570 of Miscellaneous Records of said County, lying between the Southeasterly line of said Lot 9 and the Northwesterly line of said Lot 9,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

File By Fax

Page 38

10


extended Northeasterly to an alley as shown on the map of Washington Park, recorded in Book 11 Page 74 of Maps, records of said County

The Motion is granted under:

a. ☒ 11 U.S.C. § 362(d)(1)

b. ☐ 11 U.S.C. § 362(d)(2)

c. ☐ 11 U.S.C. § 362(d)(3)

d. ☒ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property to the Debtor for the purpose of interfering with a foreclosure sale; and/or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

    (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

    (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☒ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☒ Movant may enforce its remedies by completing the foreclosure sale of the Property and obtaining possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. [language modified pursuant to motion]

5. ☐ Movant must not conduct a foreclosure sale of the Property before (date) _____.

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

9. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                                    F 4001-1R.ORDER

File By Fax

11


modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐ without further notice.

   (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☒ Other (*specify*):  A copy of the Court's tentative ruling is attached as Exhibit "1" and incorporated as the Court's final ruling.


### 

Date: September 28, 2016

*Neil W. Bason*
—————————————
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

File By Fax


# EXHIBIT "1"

File By Fax

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, September 27, 2016                                    Hearing Room    1545

<u>10:00 AM</u>
2:16-21137   Pedro Martinez                                              Chapter 13

#25.00   *[CASE DISMISSED ON 9/7/16]*

Hrg re: Motion for relief from stay [RP]

DLI PROPERTIES, LLC
vs
DEBTOR

Docket    7

**Tentative Ruling:**

Grant as provided below. <u>Appearances are not required.</u>

*Proposed order:* Movant is directed to serve and lodge a proposed order via
LOU within 7 days after the hearing date, and attach a copy of this tentative
ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)
(1)(B).

(1) <u>There is no stay, due to dismissal</u>. *See* 11 USC 349(b)(3) & 362(c).
Termination of the stay is also addressed below because in rare instances
dismissals are vacated.

(2) <u>Termination</u>. Terminate the automatic stay under 11 U.S.C. 362(d)(1).
Any co-debtor stay (11 U.S.C. 1301(c)) is also terminated, because it has not
been shown to have any basis to exist independent of the stay under 11
U.S.C. 362(a). To the extent, if any, that the motion seeks to terminate the
automatic stay in *other* past or pending bankruptcy cases, such relief is
denied on the present record. *See In re Ervin* (Case No. 14-bk-18204-NB,
docket no. 311).

(3) <u>Retroactive relief</u>. Grant the request for retroactive annulment of the stay.

(4) <u>Relief applicable to *future* bankruptcy cases ("in rem" relief)</u>.
If this order is duly recorded in compliance with any applicable State
laws governing notices of interests or liens in the property at issue, then no

File By Fax

14


# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

---

**Tuesday, September 27, 2016**                                    **Hearing Room   1545**

---

<u>10:00 AM</u>
**CONT...   Pedro Martinez**                                              **Chapter 13**

automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case. For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed.

Such relief is granted on the following alternative grounds: (a) under 11 U.S.C. 362(d)(4) if the movant is either (i) the holder of a deed of trust/mortgage secured by real property that is the subject of the motion, (ii) the purchaser of such property at a foreclosure sale, or (iii) a successor in interest who stands in the shoes of such persons; (b) under the court's authority to grant appropriate relief under 11 U.S.C. 105(a) and 362(d) (regardless whether the movant is a "creditor" or whether real property or personal property is at issue); and (c) under the court's inherent authority combined with 11 U.S.C. 362(d) (same). *See generally In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31) (distinguishing *In re Ellis*, 523 B.R. 673 (9th Cir. BAP 2014), and explaining alternative grounds for "in rem" relief).

(5) <u>Effective date of relief</u>. Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".

| Party Information |
|---|

**<u>Debtor(s):</u>**

Pedro  Martinez                                    Pro Se

**<u>Movant(s):</u>**

DLI Properties, LLC                                Represented By
                                                   Harris L Cohen

**<u>Trustee(s):</u>**

Kathy A Dockery (TR)                               Pro Se

---

File By Fax

# EXHIBIT "5"

DIVISION a    September 6, 2017

Elkanah J. Burns
Law Office of Elkanah J. Burns
847 N. Hollywood Way
Suite 201
Burbank, CA 91505-2301

       DLI PROPERTIES, LLC.,
       Plaintiff and Appellant,
       v.
       WELLS FARGO BANK, N.A. et al.,
       Defendants and Respondents.
       B280483 / Los Angeles County No. BC635892

Dear Counsel:

       The Record on Appeal in the above-entitled case has been filed this day under the number shown above.   The record size is   C-1 (209 Pages)

       Appellant's opening brief is due within 40 days from this date.

       Please review California Rules of Court, rules 8.204 (form and content including certificate of word count requirement), 8.208 (certificate of interested entities), 8.212 (service and filing) and 8.220 (failure to file) for filing requirements.

**Electronic service on the Supreme Court is now available**.   You may choose to serve the Supreme Court electronically with a single copy of your brief in lieu of the four hard copies traditionally required under California Rules of Court, rule 8.212(c).

See:   **http://www.courtinfo.ca.gov/courts/courtsofappeal/terms.cfm**

                        Very truly yours,
                        Joseph A. Lane, Clerk

                        by:_____
                        Deputy Clerk

cc:   Dean Allen Reeves
       File

                        Second Appellate District
                        300 South Spring Street
                        Los Angeles, CA   90013
                        (213) 830-7000
                        www.courts.ca.gov/2dca

EXHIBIT "6"

 

**This page is part of your document - DO NOT DISCARD**



# 20151381023



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/12/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 34.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 34.00 |

 



**L E A D S H E E T**



201511120190034

00011361417



007216799

**SEQ:**
**01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



*E269820*

8556797 RCV

Recording requested by:
FIRST AMERICAN TITLE CALIFORNIA

When Recorded Mail To:
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

APN #: 5457-023-010
Property Address:
2809 ESTARA AVE
LOS ANGELES, CALIFORNIA 90065


DFF00000005289384

Space above this line for Recorder's use only

Trustee Sale No. : 00000005289384          Title Order No.: 8556797

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**ATTENTION RECORDER:** THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $65,341.01 as of 11/10/2015 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens,

FCUS_NoticeOfDefault.rpt - Record - (05/14/2015) - Ver-41                    Page 1 of 3

property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.**
**c/o BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(855) 286-5901**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

Trustee Sale No. : 0000005289384          Title Order No.: 8556797

**NOTICE IS HEREBY GIVEN THAT: BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP** is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 01/29/2008, executed by PEDRO MARTINEZ AND NORMA PEREZ, as Trustor, to secure obligations in favor of WACHOIA MORTGAGE, FSB, ITS SUCCESSORS AND/OR ASSIGNEES, as Beneficiary Recorded on 02/05/2008 as Instrument No. 20080213695 of official records in the Office of the Recorder of LOS ANGELES County, California, as more fully described on said Deed of Trust.  Including a Note(s)/ Unconditional Guaranty which had a principal amount of $480,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 4/15/2014 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

**DATED:** 11/10/2015

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee for Beneficiary**

By: _____

Elaina Moore, Associate Attorney

# DECLARATION OF COMPLIANCE

*(California Civil Code Section 2923.55(c))*

Borrower(s): PEDRO MARTINEZ

Property Address: 2809 ESTARA AVE
LOS ANGELES CA 90065

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(h)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wells Fargo Bank, N.A

By:
Name: Karina Howze
Title: VP Loan Documentation
Date: 3/17/2015

053_CA_V3

EXHIBIT "7"

# RECEIPT OF FUNDS

DATE _8-22-16_ NPP# _275627_ TS# _0005289384_

(✕) Trustee's Sale                                          ( ) Reinstatement

Trustee Name _BARRETT DAFFIN FRAPPIER TREDER & WEISS_

Contact _KELLIE BOSWELL_

Address _4004 BELT LINE RD # 100_

City _ADDISON_ St _TX_ Zip _75001_ Phone _866-795-1852_

*FUNDS RECEIVED:*

**NUMBER OF CHECKS** _4_

| Check Number | Drawn on (Name of Financial Institution) | Amount |
|---|---|---|
| 302 036 | CALIFORNIA UNITED | |
| 302035 | | 200,000 |
| 302042 | | 200,000 |
| 301966 | | 100,000 |
| | | 50,000 |

_10:56_

| | | |
|---|---|---|
| **TOTAL CHECKS RECEIVED (A)** | $ | 550,000.00 |
| **TOTAL CASH RECEIVED (B)** | $ | |
| **TOTAL ALL FUNDS (A+B)** | $ | 550,000.00 |

Total Funds Collected:                        $ _550,000.00_

Subtract Amount of Final Bid:                  $ _521,000.00_

Subtract Doc/City/Rec Fees:                    $ _____

*Equals Amount of Refund:                      $ _29,000.00_                Agent for Trustee Signature

*If refund, check should be made payable to: _STRATEGIC ACQUISITIONS INC_

**HUD SALES ONLY:**

HUD Deposit Collected                          $ _____

`Amount of Final Bid                           $ _____

*Remaining Balance due to Trustee within 30 days  $ _____

## BUYER/RECORDING INFORMATION

Rep. Name _MICHAEL PEREZ_    Company Name _STRATEGIC Acq. Inc_

Address _27489 AGOURA RD_

City _AGOURA HILLS_    St _CA._    Zip _91301_

Phone _(818) 769-7880_    Email _____

Mailing address for recorded documents (if different from above address) _____

Driver's License # _N7067422_    or Social Security # _____

Title to be recorded as follows (Vesting)

_DLI PROPERTIES LLC OR NOMINEE_

Buyer's signature below indicates the above information is true and correct. Buyer's signature below affirms Buyer's or Buyer's Agent understands and agrees the sale of the interest in this property is on an "As Is" basis, with no warranties, expressed or implied, regarding but not limited to, title, condition, possession or encumbrances.

_____    _8-22-16_

Signature of Buyer or Buyer's Representative    Date

**Trustee - White**    **Buyer - Other**    **Nationwide - Other**

Nationwide Posting & Publication _2809 ESTARA AVE, LA_    G:\FORMS\RECEIPT.XLS October 7, 2014

EXHIBIT "8"



**This page is part of your document - DO NOT DISCARD**



## 20161197424



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/30/16 AT 11:13AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201609300710013

**00012719353**



007841206

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E228504

WHEN RECORDED MAIL TO:
Elkanah J. Burns, Esq.
Alan D. Wilner, A.P.C
847 N. Hollywood Way, #201
Burnbank, CA 91505



09/30/2016

*20161197424*

NOTICE OF PENDING ACTION AND REAL PROPERTY CLAIM

HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660

ELKANAH J. BURNS, ESQ. #151676
LAW OFFICES OF ELKANAH J. BURNS
847 N. Hollywood Way, Ste. 201
Burbank, CA 91505
Tel (818) 840-8889 / Fax (818) 840-2708

Attorneys for Plaintiff
    DLI PROPERTIES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| DLI PROPERTIES, LLC, | CASE NO. |
|     Plaintiff, | NOTICE OF PENDING ACTION AND |
| v. | REAL PROPERTY CLAIM |
| | **[CCP § 405.20]** |
| WELLS FARGO BANK, N.A., BARRETT | |
| DAFFIN FRAPPIER TREDER & WEISS, LLP, | |
| Pedro Martinez, Norma Perez and all persons | |
| unknown, claiming any legal or equitable right, | |
| title, or interest in the property described in the | |
| complaint adverse to plaintiff's title, or any | |
| cloud on plaintiff's title to that property and | |
| DOES 1 through 50, inclusive, | |
| | |
|     DEFENDANTS. | |

**PLEASE TAKE NOTICE** that there is an action pending in the above-captioned matter

which affects title to the real property at 2809 Estara Ave., Los Angeles, CA 90065 - APN 5457-

023-010 (the "Property") and legal description of Lot 9 in Block 2 of Torthorwald Tract No. 1, in

1

the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 9, Page(s) 8 of Maps, in the office of the County Recorder of said County.

Also that part of Lot 57 of the Hunter Highland View Tract, as per map recorded in Book 4 Page 570 of Miscellaneous Records of said County, lying between the Southeasterly line of said Lot 9 and the Northwesterly line of said Lot 9, extended Northeasterly to an alley as shown on the map of Washington Park, recorded in Book 11 Page 74 of Maps, records of said County

The parties to the action are:

**Plaintiff:**  DLI PROPERTIES, LLC.

**Defendants:**  WELLS FARGO BANK, N.A., BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, Pedro Martinez, Norma Perez and all persons unknown, claiming  any legal or equitable right,  title, or interest in the property  described in the complaint  adverse to plaintiff's title, or any cloud on plaintiff's title to that property and DOES 1 through 50, inclusive,

The parties dispute current ownership of the Property and the effect of the foreclosure sale held on August 22, 2016 at which Plaintiff was the successful high bidder.

LAW OFFICES OF ELKANAH J. BURNS

By: _____
Elkanah J. Burns, Esq.
Attorneys for Plaintiff

2

EXHIBIT "9"

CIV-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Elkanah J. Burns, 151676
Law Offices of Elkanah J. Burns
847 N. Hollywood Way, Suite 201

Burbank, CA 91505
TELEPHONE NO: 818.840.8889    FAX NO. *(Optional):* 818.840.2708
E-MAIL ADDRESS *(Optional):* elkanah@convergenz.com
ATTORNEY FOR *(Name):* DLI Properties, LLC

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 3 0 2016

Sherri R. Carter, Executive Officer/Clerk

By Suzanne Wong, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: DLI Properties, LLC

DEFENDANT/RESPONDENT: Wells Fargo Bank, Barrett Daffin Frappier
Treder & Weiss, LLP, Pedro Martinez, Norma Perez

| **REQUEST FOR** | [x] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
| **(Application)** | [ ] Court Judgment | | BC635892 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* October 3, 2016
   b. by *(name):* DLI Properties, LLC
   c. [x] Enter default of defendant *(names):* Wells Fargo Bank, N.A., Pedro Martinez, Norma Perez

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . $ | $ | $ | |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| | (2) General . . . . . . . . . . . . . . . . . $ | $ | $ | |
| c. | Interest . . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| d. | Costs *(see reverse)* . . . . . . . . . . . . $ | $ | $ | |
| e. | Attorney fees . . . . . . . . . . . . . . . . $ | $ | $ | |
| f. | **TOTALS** . . . . . . . . . . . . . . . . . $ | $ | $ | |
| g. | Daily damages were demanded in complaint at the rate of: $ | | per day beginning *(date):* | |

(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: November 29, 2016

Elkanah J. Burns
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [x] Default entered as requested on *(date):* NOV 3 0 2016 | SHERRI R. CARTER |
| | (2) [x] Default NOT entered as requested *(state reason):* See Notice | |
| | | Clerk, by: _S. Wong_ , Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 585-587, 1169

**Page 60**

File By Fax

CIV-100

| PLAINTIFF/PETITIONER: DLI Properties, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank, Barrett Daffin Frappier Treder & Weiss, LLP, Pedro Martinez, Norma | BC635892 |

**4. Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☒ did not for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

  a. Assistant's name:                            c. Telephone no.:
  b. Street address, city, and zip code:         d. County of registration:
                                    e. Registration no.:
                                    f. Expires on *(date):*

**5.** ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
  a. ☐ is ☐ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
  b. ☐ is ☐ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
  c. ☐ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

**6. Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
  a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

  b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

    (1) Mailed on *(date):*             (2) To *(specify names and addresses shown on the envelopes):*

Norma Perez
2809 Estara Ave.
Los Angeles, CA 90065

Wells Fargo Bank, N.A.
10225 Riverside Drive
Toluca Lake, CA 91602

Pedro Martinez
2809 Estara Ave.
Los Angeles, CA 90065

Edward Treder, Esq.
Barrett Daffin Frappier Treder & Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, CA 91765

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: November 29, 2016

Elkanah J. burns
    (TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

**7. Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
  a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . . . . $
  b. Process server's fees . . . . . . . . . . . . . . . . . $
  c. Other *(specify):* . . . . . . . . . . . . . . . . . . . . . $
  d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  f. ☐ Costs and disbursements are waived.
  g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

    (TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

**8.** ☒ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: November 29, 2016

Elkanah J. Burns
    (TYPE OR PRINT NAME)                          (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

File By Fax

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| **COURTHOUSE ADDRESS:** | **CASE NUMBER:** |
| **PLAINTIFF:**<br>DLI | BC635892 |
| **DEFENDANT:**<br>WELLS | **DEPARTMENT/UNIT**<br>RM. 118 |
| ## NOTICE OF REJECTION<br>## DEFAULT/CLERK'S JUDGMENT | **TELEPHONE NUMBER**<br>213-830-0803 |

Your Request For Entry of Default and/or Clerk's Judgment, Judicial Council form CIV-100, submitted on <u>11-30-16</u> is rejected for the following reason(s):

## Request For Entry of Default

☑ 1. Answer/demurrer/motion filed on <u>11-30-16</u> by _____ prevents entry of default. (Code Civ. Proc., § 585)

☐ 2. Attorney of Record/Address on file is different. Submit a Substitution of Attorney/Change of Address/ Association of Attorney.

☐ 3. Filing date of ☐Complaint ☐Cross-Complaint is omitted. (Item 1a)

☐ 4. The name of the party requesting the entry of default is omitted. (Item 1b)

☐ 5. Name(s) of ☐defendant(s) ☐cross-defendant(s) do not match the complaint.

☐ 6. Code Civ. Proc., section 585.5, Declaration is incomplete. (Item 5)

☐ 7. ☐Date ☐printed name ☐signature of plaintiff ☐attorney of record ☐declarant required on Item _____.

☐ 8. The defendants to whom the Request for Entry of Default was "not mailed" are not listed. (Item 6a)

☐ 9. The Declaration of mailing does not have the separate address of each defendant/attorney of record. (Code Civ. Proc., § 587) (Item 6b)

☐ 10. Request for Entry of Default is premature. Default may be entered no sooner than_____.

☐ 11. Declaration of Non-Military Status is not completed. (Item 8)

☐ 12. Default already entered as to_____

☐ 13. Other _____
_____
_____

## Proof of Service of Summons and Complaint (Judicial Council form POS-010)

☐ 14. The original Proof of Service has not been filed. (Code Civ. Proc., § 417.30)

☐ 15. The Proof of Service is incomplete. (Item _____) _____

☐ 16. A separate Proof of Service is required for each defendant.

☐ 17. Name of defendant on Proof of Service does not match the name of the defendant on the complaint.

☐ 18. The name and title of person served are not identified. (Code Civ. Proc., § 416.10) (Item _____)

☐ 19. The Proof of Service is incomplete as to ☐the date (month/day/year) ☐time (hour/AM-PM) ☐complete street address, city and state where service was performed. Specify ☐home ☐business. (Item _____)

☐ 20. There is no proof of mailing for substitute service with date (month/day/year), place of mailing, address (street address, city and state). (Code Civ. Proc., § 415.20) (Item _____)

☐ 21. The manner of service has not been completed. (Code Civ. Proc., § 417.10) (Item 5)

LACIV 098 (Rev. 09/13)
LASC Approved 09-04
For Optional Use

**NOTICE OF REJECTION -**
**DEFAULT / CLERK'S JUDGMENT**

Page 1 of 2
Page 62

| Short Title | Case Number |
|---|---|
|  |  |

☐ 22. The original signed Acknowledgment of Receipt has not been filed. (Code Civ. Proc., § 415.30)

☐ 23. Notice to Person Served on the Proof of Service is incomplete/in error.

☐ 24. The  ☐status  ☐name  ☐address  ☐telephone number
of the person performing the service is incomplete. (Item 7)

☐ 25. ☐Original signature of process server ☐date is missing.

☐ 26. Declaration of Diligence for substitute service ☐required ☐date missing ☐original signature required.

☐ 27. Proof of Service by Publication has not been filed. (Code Civ. Proc., § 415.50 and Gov. Code, § 6064).

☐ 28. A statement of damages, with proof of service has not been filed. (Code Civ. Proc., § 425.11)

☐ 29. Please use the current Judicial Council form POS-010, Proof of Service of Summons, Adopted for Mandatory Use.

☐ 30. Other: _____
_____

## Request for Entry of Clerk's Judgment

☐ 31. Submit Military Affidavits for the following defendants:
_____
_____

☐ 32. The Military Affidavit has expired. The Clerk does not accept a Military Affidavit(s) that is/are more than 90 days old.

☐ 33. The Clerk requires a waiver of attorney fees.

☐ 34. Defendant(s) and/or Doe(s):_____have not been disposed of either by
default or dismissal. (Code Civ. Proc., § 579)

☐ 35. The judgment may not be greater than the amount in the prayer in the complaint

☐ 36. Submit the original promissory note(s) or contract(s). If original is not available, submit a Declaration of Lost Original. (Cal. Rules of Court, rule 3.1806)

☐ 37. A declaration, including a copy of the Notice of Intent to File in Superior Court, which was mailed to defendant, to receive costs with a judgment of $7,500 or less, is required. (Code Civ. Proc., § 1033)

☐ 38. A corporation must be represented by an attorney.

☐ 39. Other: _____
_____
_____
_____

Please return:   ☐a new Request for Entry of Default form.   ☐ additional document(s) required to process your request.

When you respond to this Notice of Rejection, include a stamped, self-addressed return envelope, DO NOT include more than one copy of any document to be conformed. ***Include a copy of this form when you return your documents.***

**SHERRI R. CARTER**, Executive Officer/ Clerk

Dated: 11-9-16 _____   By: S. WONG _____
Deputy Clerk

LACIV 098 (Rev. 09/13)
LASC Approved 09-04
For Optional Use

**NOTICE OF REJECTION -
DEFAULT / CLERK'S JUDGMENT**

Page 2 of 2

Page 63

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5305 Andasol Ave., Encino, CA 91316

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 09/12/2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR)    TrusteeECFMail@gmail.com, Brandye N Foreman    cdcaecf@bdfgroup.com
Sean C Ferry    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com, Edward A Treder    cdcaecf@bdfgroup.com
Alla Tenina    alla@teninalaw.com, Monique@teninalaw.com United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 09/12/2017 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Dean Reeves, Esq.                      Pedro Martinez
Anglin Flewelling Rasmussen et al      2809 Estara Ave.
301 N. Lake Ave., Ste. 1100            Los Angeles, CA 90065
Pasadena, CA 91101-4158                Debtor
ATTY FOR WELLS FARGO

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 09/12/2017 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand, US Bankruptcy Court, 255 E. Temple St., CT 1375, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/12/2017 | HARRIS L. COHEN | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.